**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVSION**

JERRY L. LAVINE, JR.,

        Plaintiff,

        v.                       CAUSE NO.: 3:23-CV-266-TLS-MGG

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under to 42 U.S.C. 406(b) [ECF No. 22], filed on February 20, 2026. The Commissioner neither supports nor opposes the motion. ECF No. 25. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

After the Plaintiff's applications for disability insurance benefits and supplemental security income benefits were denied at the administrative level, AR 1–6, 10–22, ECF No. 9, the Plaintiff filed a Complaint in this case, and the Court reversed and remanded for further proceedings. ECF Nos. 1, 17. On January 18, 2024, the Court awarded the Plaintiff's attorney EAJA fees in the amount of $818.63. ECF No. 21. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits of $113,866.00, twenty-five percent of which is $28,466.50. *See* Notice of Award 4, ECF No. 23-3.

The Plaintiff's attorney now requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $12,000.00. Mot. 1, ECF No. 22. In the retainer agreement, the Plaintiff agreed to pay counsel up to twenty-five percent of all past-due benefits for the work in federal court. *See*

Fee Agreement, ECF No. 23-1. Counsel represents that, if fees are awarded under § 406(b), counsel will refund to the Plaintiff the $818.63 in EAJA fees previously awarded. *See* Mem. 7, ECF No. 23. Counsel represents that he will request administrative fees from the administration. *Id.*

## ANALYSIS

The Plaintiff's counsel, subject to refunding $818.63 in EAJA fees, requests $12,000.00 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, the requested amount in attorney's fees of $12,000.00 is consistent with the contingency agreement, and counsel will refund the $818.63 in EAJA fees to the Plaintiff. The

proposed fee equals an effective hourly attorney rate of approximately $3,243.24 for the total requested § 406(b) fee award of $12,000.00. *See* ECF No. 23-4 (reflecting 3.7 attorney hours). Despite being high, such an hourly rate is reasonable given the contingent nature of this case. *See*, *e.g.*, *Demonja v. O'Malley*, 2:21-CV-305 (N.D. Ind. Apr. 2, 2024) (hourly rate of $4,821.65); *Narug v. Comm'r of Soc. Sec.*, 2:19-CV-490 (N.D. Ind. Aug. 29, 2022) (hourly rate of $2,450.60). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under to 42 U.S.C. 406(b) [ECF No. 22] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $12,000.00. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $818.63 in total EAJA fees previously awarded and received by counsel in this case.

SO ORDERED on March 6, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3